The Honorable Monty Davenport State Representative 644 MC 4003 Yellville, Arkansas 72687-9340
Dear Representative Davenport:
I am writing in response to your request for my opinion on the following question, which you have asked in light of Prosecuting Attorney John Threet's recent opinion request concerning county construction contracts:
 If a County selected a General/Construction Manager pursuant to A.C.A. § 19-4-801 et seq., [sic][1] and competitive bidding took place between the General Contractor/Construction Manager, would this affect your opinion?
RESPONSE
To first clarify your question, when you state that competitive bidding "took place between the General Contractor/Construction Manager," I assume you mean to say that the "General Contractor/Construction Manager" took competitive bids for the subcontractor work. That is, your question presupposes that the County negotiated a contract with a "General Contractor/Construction Manager" pursuant to A.C.A. § 19-11-801 et seq., and that the "General Contractor/Construction Manager" then bid the subcontracts through some competitive process. *Page 2 
It is my opinion that this information regarding subcontracting by a "General Contractor/Construction Manager" does not affect Attorney General Opinion 2009-033. The answer to your question is therefore "no," in my opinion.
The question in Opinion 2009-033, as posed by Prosecuting Attorney John Threet, was whether a county could somehow contract for the construction or renovation of county public buildings without using competitive bidding, and not be in violation of A.C.A. § 22-9-203 (the so-called "public works" law) and Article 19, Section 16 of the Arkansas Constitution. Op. Att'y Gen. 2009-033 at 1. For the reasons stated in the opinion, I concluded that the answer was "no." I will not restate the basis for that conclusion, but instead refer you to the opinion, a copy of which is enclosed for your convenience. It is sufficient for purposes of your question to note that I found no authority for waiving the competitive bidding requirements of A.C.A. § 22-9-203 or Ark. Const. art. 19, § 16, on county projects covered by the public works law.
The opinion tacitly acknowledges a potential basis for confusion or uncertainty arising from legislation enacted in 2005 to authorize "general contractor construction management" as a particular type of "construction management" service to be procured through a negotiation process under A.C.A. § 19-11-801 et seq. (Repl. 2007). See A.C.A. §19-11-801(d)(2)(C). Your reference to a "General Contractor/Construction Manager" leads me to surmise that your question envisions a county proceeding under this latter subsection. As explained in Opinion 2009-033, however, this subsection applies to public school districts. If offers no authority, in my opinion, for a county to forego the competitive bidding requirements of A.C.A. § 22-9-203, which include advertisement of bids and awarding of contracts by a "board, commission, officer, or other authority" of the county. Op. Att'y Gen. 2009-033 at 6.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I assume the intended citation is A.C.A. § 19-11-801 et seq., which governs the procurement of professional services through negotiation of contracts. *Page 1